UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x
MARCUS ANGELET,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                      11–CV-1492 (FB) (CLP)
   -against-

NEW YORK CITY TRANSIT
AUTHORITY and JOSE MONTALVO,

                Defendants.
-----------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                             *For Defendants:*
MATTHEW S. FLAMM, ESQ.           MICHAEL RABINOWITZ, ESQ.
26 Court Street, Suite 600              130 Livingston St., 11th Floor
Brooklyn, NY 11242                         Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Plaintiff Marcus Angelet ("Angelet") brings this action against defendants New York City Transit Authority ("NYCTA") and Jose Montalvo ("Montalvo"). Angelet alleges that Montalvo, an employee of the NYCTA, injured and wrongfully detained him in a New York City subway entrance. Montalvo now moves for summary judgment solely on the issue of whether he acted under color of state law, as is required for liability under 42 U.S.C. § 1983. Plaintiff requests a conflict of interest hearing pursuant to *Dunton v. Cty. of Suffolk,* 729 F.2d 903 (2d 1984). For the reasons set forth below, Montalvo's motion and Angelet's request for a *Dunton* hearing are denied.

**I.**

Montalvo is a NYCTA Revenue Collection Agent. It is undisputed that an incident occurred on the afternoon of February 5, 2010, between Angelet and Montalvo, that escalated until Montalvo threw Angelet to the ground and held him there in some manner. Eventually, New York City Police Department officers arrived and investigated the matter. The NYPD took no one into custody. Little else is undisputed between the parties.[1]

Angelet alleges that Montalvo spit on him. Montalvo denies the allegation and asserts that he was spit on by Angelet. While they agree that words were exchanged and tempers flared, they disagree on who started the exchange and became aggressive first. Angelet asserts that the type of force that Montalvo used was common, anticipated, and part of the instruction that NYCTA employees receive; Montalvo characterizes his actions as outside of his employment duties and claims they were purely personal and taken in self defense. Finally, the parties disagree on whether a Metrocard Machine was being serviced at the time that Montalvo used force and held down Angelet.

**II.**

"The court shall grant summary judgment if the movant shows that there is no

---

[1]Because of the limited scope of this summary judgment motion, the Court requested that the parties file only letter briefs in lieu of formal memoranda accompanied by Rule 56.1 statements of undisputed material facts. Pre-motion Conference, March 22, 2013.

2

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, "[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

To succeed on a claim under § 1983, the plaintiff must show "(a) that the defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant caused the plaintiffs to be deprived of a federal right." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (citing *Monroe v. Pape*, 365 U.S. 167 (1961)). "While it is clear that 'personal pursuits' of [officials] do not give rise to section 1983 liability, there is no bright line test for distinguishing 'personal pursuits' from activities taken under color of law." *Pitchell v. Callan,* 13 F.3d 545, 548 (1994). Thus, courts must instead look to the totality of circumstances. *See id.*

The record shows disputes over multiple material facts related to whether Montalvo acted under color of state law. There is disagreement about who spit on whom first (or at all) and whether the dispute was personal. Angelet points to evidence that the NYCTA trains its employees on using force while on the job, but Montalvo asserts that an assault of any kind is never part of his job. The parties also disagree about whether

3

transit authority equipment was being serviced while the incident unfolded—Angelet says a ticket machine was being emptied while Montalvo asserts that no servicing was in progress. In short, under a totality of the circumstances approach, each of these factual disputes must be resolved before the Court can make a determination of whether or not Montalvo acted under color of law. *See Pitchell,* 13 F.3d 548 ("courts look to the nature of the [employee's] act"). Thus, Montalvo's summary judgment motion is denied.

## III.

Finally, Angelet argues that—by advancing the theory that Montalvo acted outside the scope of his authority—defendants' counsel is attempting to shift the blame from the transit authority to Montalvo. As a result, Angelet requests that the Court hold a hearing because he believes the defense creates the conflict identified in *Dunton v. County of Suffolk,* 729 F.2d 903, 906 (2d Cir. 1984).

In *Dunton,* the Second Circuit discussed one of the effects of the Supreme Court's decision in *Monnell v. Dep't of Soc. Svcs.,* 436 U.S. 658 (1978), which allowed for municipal liability under § 1983 for employees' actions taken pursuant to municipal policy. *Dunton* explained that an attorney should disqualify himself if there is an "imminent threat of a serious conflict" of interest. *Dunton,* 729 F.2d at 907. The prototypical example is when a municipal employee, such as Montalvo, seeks to "partially or completely avoid liability by showing that he was acting within the scope of his official duties," while the municipality attempts to "avoid liability by showing that

4

the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy." *Id.* When both arguments are advanced by the same attorney representing both parties, an obvious conflict arises.

Here, Angelet does not assert a *Monnell* claim against the city, nor is there an "imminent" conflict that the Court can identify. *Id.* At this stage, Montalvo has moved for summary judgment on the two § 1983 claims brought solely against him as an individual by arguing that he acted as a private citizen in self-defense. He explicitly declares in his letter brief that he is not pursuing—and will not pursue—an immunity defense. A *Dunton* hearing is therefore unnecessary and the Court denies plaintiff's request to hold one.

## IV.

For the reasons stated above, defendant Montalvo's motion for summary judgment and plaintiff's request for a *Dunton* conflict-of-interest hearing are denied.

**SO ORDERED.**

   /S/ Frederic Block     
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 5, 2014